UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAELA W.,[1]

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

23-CV-782-LJV
DECISION & ORDER

---

On August 3, 2023, the plaintiff, Michaela W. ("Michaela"), brought this action

under the Social Security Act ("the Act").  Docket Item 1.  She seeks review of the

determination by the Commissioner of Social Security ("Commissioner") that she was

not disabled.[2]  *Id.*  On December 8, 2023, Michaela moved for judgment on the

pleadings, Docket Item 8; on February 2, 2024, the Commissioner responded and

cross-moved for judgment on the pleadings, Docket Item 12; and on February 16, 2024,

Michaela replied, Docket Item 13.

---

[1] To protect the privacy interests of Social Security litigants while maintaining
public access to judicial records, this Court will identify any non-government party in
cases filed under 42 U.S.C. § 405(g) only by first name and last initial.  Standing Order,
Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov.
18, 2020).

[2] Michaela applied for Supplemental Security Income ("SSI"), which is paid to a
person with a disability who also demonstrates financial need.  42 U.S.C. § 1382(a).

For the reasons that follow, this Court denies Michaela's motion and grants the Commissioner's cross motion.[3]

## **STANDARD OF REVIEW**

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination."  *Id*.  This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citation modified) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).  Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'"  *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" means "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts only if a reasonable fact finder would *have to conclude otherwise*."  *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citation modified) (emphasis in original); *see McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

interpretation, the Commissioner's conclusion must be upheld.").  But "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."  *Johnson*, 817 F.2d at 986.

## DISCUSSION

### I.    THE ALJ'S DECISION

On May 31, 2022, the ALJ found that Michaela had not been under a disability since August 13, 2020, the date her application was filed.  *See* Docket Item 5 at 30–31. The ALJ's decision was based on the five-step sequential evaluation process under 20 C.F.R. §§ 404.1520(a) and 416.920(a).  *See id.* at 20–21.

At step one, the ALJ found that Michaela had not engaged in substantial gainful activity since the date her application was filed.  *Id.* at 21.  At step two, the ALJ found that Michaela suffered from two severe, medically determinable impairments: "learning disorder/neurodevelopmental disorder and anxiety disorder."  *Id.* at 22.

At step three, the ALJ found that Michaela's severe, medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See id.*  More specifically, the ALJ found that Michaela's impairments did not meet or medically equal listing 12.06 (anxiety and obsessive-compulsive disorders) or 12.11 (neurodevelopmental disorders).  *Id.*  In assessing Michaela's mental impairments, the ALJ found that Michaela was mildly limited in adapting or managing herself and moderately limited in understanding,

3

remembering, or applying information; interacting with others; and concentrating,

persisting, or maintaining pace.  *Id.* at 22–23.

The ALJ then found that Michaela had the residual functional capacity ("RFC")[4]

to "perform work a full range of work at all exertional levels" except that:

> [Michaela] can understand, remember, and carry out simple[,]
> routine instructions and tasks; she can maintain attention and
> concentration and regular attendance at work for simple[,] routine
> work; but she cannot make independent decision[s] or set her own
> goals, nor can she perform strict production quotas as with assembly
> line work.  She is limited to minimal changes in work routine and
> processes, and occasional interaction with supervisors, co-workers,
> and the general public.  Finally, she cannot do team or tandem work.

*Id.* at 23.

At step four, the ALJ found that Michaela had no past relevant work.  *Id.* at 29.

But given Michaela's age, education, and RFC, the ALJ found at step five that Michaela

could perform substantial gainful activity as a cleaner, laundry worker, or kitchen helper.

*Id.* at 29–30; *see Dictionary of Occupational Titles* 323.687-0914, 1991 WL 672783

(Jan. 1, 2016); *id.* at 361.684-014, 1991 WL 672983 (Jan. 1, 2016); *id.* at 318.687-010,

1991 WL 672755 (Jan. 1, 2016).  The ALJ therefore found that Michaela had not been

under a disability since the date her application was filed.  *See* Docket Item 5 at 30.

## II.    ALLEGATIONS

Michaela raises one argument: that the ALJ failed to account for limitations in the

opinions of D. Brown, Psy.D.; L. Dekeon, Psy.D.; and Todd Deneen, Psy.D.—opinions

---

[4] A claimant's RFC is the most "an individual can still do despite his or her limitations . . . in an ordinary work setting on a regular and continuing basis."  SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996).  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."  *Id.*; *see Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

4

that the ALJ found at least somewhat "persuasive." *See* Docket Item 8-1 at 11–16. For the reasons that follow, this Court disagrees.

## III.    ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). But that does not mean that an RFC must "perfectly correspond with any of the opinions of medical sources cited in [an ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be based on opinion evidence, *see Rubin v. Martin O'Malley, Comm'r of Soc. Sec.*, 116 F.4th 145, 155 (2d Cir. 2024). So long as an ALJ considers all the medical evidence and appropriately analyzes any medical opinions, an RFC consistent with the record is not error. *See* 20 C.F.R. § 416.945; *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (holding that remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

On December 21, 2020, Dr. Deneen completed a psychiatric evaluation of Michaela. *See* Docket Item 5 at 303–06. He opined that Michaela had no limitations in using judgment to make decisions; interacting appropriately with others; sustaining a routine and regular attendance; maintaining hygiene and dressing appropriately; and being aware of normal hazards and taking appropriate precautions. *Id.* at 305. He also found that Michaela had only mild limitations in understanding, remembering, and applying simple instructions and in regulating emotions, controlling behavior, and maintaining well-being. *Id.* On the other hand, Dr. Deneen found Michaela to be

moderately limited in understanding, remembering, and applying complex instructions and in sustaining concentration and performing at a consistent pace. *Id.* He concluded that "[t]he results of the examination appear[ed] to be consistent with psychiatric and cognitive problems" but that those problems "d[id] not appear to be significant enough to interfere with [Michaela's] ability to function on a daily basis." *Id.* at 306.

On February 12, 2021, Dr. Brown completed a mental RFC assessment. *See* Docket Item 5 at 70–80. Dr. Brown opined that Michaela was "[n]ot significantly limited" in understanding, remembering, and carrying out short and simple instructions; working within a schedule and maintaining regular attendance; making simple, work-related decisions; interacting appropriately with coworkers; and responding appropriately to changes in the workplace. *Id.* at 75–77. But Dr. Brown found that Michaela had moderate limitations in understanding and remembering detailed instructions; maintaining attention and concentration for extended periods; sustaining an ordinary routine without special supervision; working with others without being distracted; performing at a consistent pace; interacting appropriately with the general public; and making plans independently of others. *Id.* at 75–78. And Dr. Brown found Micheala to be markedly limited in carrying out detailed instructions. *Id.* at 75. Dr. Brown concluded that, "[g]iven [Micheala's] psychiatric[] impairments[,] she should be capable of performing simple[,] low public contact work." *Id.* at 72.

Dr. Dekeon later reviewed the record and affirmed Dr. Brown's findings. *See id.* at 88–89.

The ALJ found Dr. Brown's opinion and Dr. Dekeon's opinion to be persuasive, and he found Dr. Deneen's opinion to be partially persuasive. *See id.* at 27–28. More

specifically, the ALJ discounted Dr. Deneen's opinion insofar as Dr. Deneen found Michaela less limited than Drs. Brown and Dekeon opined.  *See id.* at 28.  Michaela argues that in light of those "persuasive" opinions, the ALJ erred by not including restrictions in the RFC addressing their moderate limitations—that is, in "maintain[ing] attention and concentration for extended periods, sustain[ing] an ordinary routine without interruptions . . ., and perform[ing] at a consistent pace without an unreasonable number and length of rest periods."  Docket Item 8-1 at 14–15.  But that argument is factually incorrect.

To begin, the RFC restricted Michaela to "simple[,] routine work" involving only "simple[,] routine instructions and tasks" and with "minimal changes in work routine and processes."  Docket Item 5 at 23.  Courts in this Circuit repeatedly have found such restrictions sufficient to account for moderate limitations like those that Drs. Deneen, Brown, and Dekeon found.  *See, e.g.*, *Karl E. v. Comm'r of Soc. Sec.*, 2025 WL 3003714, at *5 n.5 (W.D.N.Y. Oct. 27, 2025) ("[T]he ALJ limited [the p]laintiff to 'simple tasks,' which accounts for [the p]laintiff's moderate difficulty in concentrating, persisting, or maintaining pace."); *Arthur M. v. Saul*, 2021 WL 2309884, at *4 (W.D.N.Y. June 7, 2021) ("[T]he restrictions imposed by the RFC, including that [the] plaintiff can perform only simple and routine tasks . . . are sufficient to account for [the] plaintiff's moderate limitations with regard to completing a normal workday or workweek without interruption as well as performing at a consistent pace without an unreasonable number and length of rest periods."); *see also Denise Marie T.-W. v. Comm'r of Soc. Sec.*, 2024 WL 4162490, at *6 (W.D.N.Y. Sept. 12, 2024) ("Moderate limitations in some or all areas of mental functioning may be accounted for in an RFC by limiting a plaintiff to simple,

routine work . . . .").  So the limitations incorporated in the RFC—that Michaela could perform only "simple, routine work" and complete only "simple[,] routine instructions and tasks"—accounted for the limitations in Drs. Deneen, Brown, and Dekeon's opinions. *See* Docket Item 5 at 23.

What is more, and as noted above, Dr. Deneen explicitly found that Michaela's mental health issues "d[id] not appear to be significant enough to interfere with [Michaela's] ability to function on a daily basis." *Id.* at 306.  And Drs. Brown and Dekeon agreed that notwithstanding Michaela's impairments, she could perform "simple, low public contact work." *See id.* at 72 (Dr. Brown), 88–89 (Dr. Dekeon).  The RFC's limitation to "simple[,] routine work" and only "occasional interaction with supervisors, co-workers, and the general public" was therefore more than sufficient to account for Michaela's mental health issues.  *See id.* at 23.

In fact, while Dr. Deneen opined that Michaela was not limited in interacting with others, *see id.* at 305, the ALJ accepted the opinions of Dr. Brown and Dr. Dekeon that she had moderate limitations in that domain, *see id.* at 28.  Consistent with that conclusion, the RFC limited Michaela to only "occasional interaction with supervisors, co-workers, and the general public" and to no "team or tandem work." *See id.* at 23.  In other words, the ALJ agreed with the most restrictive limitations about which the doctors opined, and the RFC included restrictions addressing those limitations.  That certainly was not error.

Michaela also argues that the ALJ erred by failing to explain how the RFC accounted for the limitations about which Drs. Deneen, Brown, and Dekeon opined. *See* Docket Item 8-1 at 13.  But "[a]n ALJ does not have to state on the record every

8

reason justifying a decision," *Valdez-Ocasio v. Kijakazi*, 2023 WL 3573761, at *1 (2d Cir. May 22, 2023) (quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012)); rather, so long as an ALJ's decision provides "an adequate basis for meaningful judicial review . . . and is supported by substantial evidence," there is no error, *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).  And that is precisely the case here.

In sum, the ALJ crafted an RFC that was consistent with the opinions of Drs. Deneen, Brown, and Dekeon and with the medical evidence in the record.  Indeed, the ALJ addressed the most severe limitations in those opinions and explicitly accounted for them in the RFC.  Because the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole," *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013), and because the ALJ did just that, his decision was supported by substantial evidence.  This Court will not second-guess it. *See Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

## **CONCLUSION**

The ALJ's decision was not contrary to the substantial evidence in the record, nor did it result from any legal error.  Therefore, and for the reasons stated above, Michaela's motion for judgment on the pleadings, Docket Item 8, is DENIED, and the Commissioner's cross motion for judgment on the pleadings, Docket Item 12, is GRANTED.  The complaint is DISMISSED, and the Clerk of Court shall close the file.

SO ORDERED.

Dated:        April 15, 2026
              Buffalo, New York


                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE